## COOK INLET COAL FIELDS CO. v. CALDWELL et al.

(Circuit Court of Appeals, Fourth Circuit. July 12, 1906.)

### No. 648.

1. BANKRUPTCY—APPEALS.

Under the express provisions of Bankr. Act July, 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], appeals may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals and to the Supreme Courts of the territories in like manner as appeals in equity are taken.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—PROCEEDINGS REVIEWABLE—NATURE OF REMEDY.

Under the express provisions of Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], appeal is the proper remedy to review a judgment adjudging or refusing to adjudge the defendant a bankrupt, a judgment granting or denying a discharge, and a judgment allowing or rejecting a debt or claim for $500 or over.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

3. SAME—RECORD.

On appeals in bankruptcy, no case will be heard until a complete record has been prepared by the clerk after he has been directed by counsel to do so, and unless the record contains in itself, and not by reference, all papers, exhibits, deposits, and other proceedings necessary to the hearing in the appellate court.

4. SAME.

On appeals in bankruptcy, the record required to be certified and filed is the record of the case in the bankruptcy court.

5. SAME—PETITION TO SUPERINTEND AND REVISE—SCOPE.

An objection to an order entered nunc pro tunc, adjudging petitioner a bankrupt, is reviewable on appeal taken at the time the order of adjudication was entered, and not on a subsequent petition to superintend and revise.

6. SAME—RECORD—CERTIFICATION—RULES.

Circuit Court of Appeals Rule 36, subd. 2, relating to petitions to superintend and revise, and providing that petitioner shall cause a certified transcript of the record and proceedings of the bankruptcy court of the matter to be reviewed to be filed in the clerk's office of the Circuit Court of Appeals within 30 days from the date of the filing of such petition, contemplates the certification of the record and proceedings by the clerk of the bankruptcy court, and not a transcript certified by the referee.

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of West Virginia, in Bankruptcy, at Clarksburg.

W. N. Miller, for petitioner.

Geo. Bryan and Charles I. Caldwell, for respondents.

Before GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

BOYD, District Judge.   On the 7th of September, 1904, James H. Caldwell, James A. Watson, and Charles T. Caldwell filed their petition, alleging that they were creditors, in the District Court for the Northern District of West Virginia, at Clarksburg, to have the Cook Inlet Coal Fields Company, a corporation, adjudged an involuntary bankrupt.    A subpœna to show cause was issued upon the filing of this petition, returnable on the 21st day of September, 1904, which was served upon the corporation, and on the return day of the subpœna a demurrer was filed, by the attorneys of the corporation, to the petition.   The record does not show a further proceeding in the bankruptcy court until the 9th of March, 1905, when an order adjudging the Cook Inlet Coal Fields Company a bankrupt was entered nunc pro tunc as of September ———, 1904.   This order was based upon the affidavits of Charles T. Caldwell and James A. Watson that the order of adjudication in the case had been duly prepared in September, 1904, and presented to John J. Jackson, late judge of the District Court of the United States for the Northern District of West Virginia, and a certificate, to the same effect, signed by Judge Jackson.   In order to a full understanding of the proceedings in the case, it is necessary to state that Hon. John J. Jackson was in September, 1904, and had been theretofore, district judge of the United States for the Northern District of West Virginia, but that prior to March, 1905, having arrived at the age required by law, he had resigned for retirement, and Hon. Alston G. Dayton had been duly appointed and qualified as his successor, and the nunc pro tunc adjudication above referred to was signed and filed by Judge Dayton on the 9th of March, 1905.   Subsequent to the filing of the nunc pro tunc order, adjudging the corporation a bankrupt, to wit, about the 1st of May, 1905, the corporation filed an answer to the original petition before the referee, in which the indebtedness alleged by the petitioning creditors was denied and some other matters set up in opposition to the adjudication in bankruptcy.   No exception appears upon the record to have been taken to the nunc pro tunc order until later on, when an application was made to the referee to order the sale of certain property by the trustees who had been appointed to administer the estate in bankruptcy, and the bankrupt appeared and protested against the order of sale.   The objection, however, was overruled by the referee on the 15th day of July, 1905, and thereupon the bankrupt, through its attorneys, filed a petition to the judge of the District Court of the Northern District of West Virginia to have the order of sale set aside and annulled, and in this petition one of the grounds set forth for the annulment of the order of sale was the averment that the order entered nunc pro tunc, adjudging the Cook Inlet Coal Fields Company a bankrupt, was illegal and improper.   Other grounds set forth in opposition to the order of sale were want of jurisdiction of the court to entertain the petition in bankruptcy; that the Cook Inlet Coal Fields Company had not been permitted to be heard upon its answer and issues tendered in the manner provided by law; that the court had no jurisdiction without an appraisement of the property of the bankrupt by three disinterested persons, as required by law, to sell the

property by the trustees. And as a further reason why the order of sale should be set aside, it was charged that the case was illegally and improperly referred to George W. Johnson, referee. There are some other causes stated, which it is not now necessary to mention. The petition concluded:

"That for these and other reasons apparent on the face of the record, your petitioners pray that the order of sale be set aside, that the petition for the sale of said property be dismissed and that the proceedings of the said referee and orders made by him, as aforesaid, may be reviewed by the said District Court of the United States for the Northern District of West Virginia," etc.

The district judge, on the 19th day of September, 1905, overruled this petition and affirmed the action of the referee in ordering the sale of the bankrupt's property. Thereupon, on the 18th day of December, 1905, the petition of the Cook Inlet Coal Fields Company was filed in this court, to superintend and revise, in matter of law, the proceedings of the District Court of the United States for the Northern District of West Virginia, in this proceeding in bankruptcy. Motion is now made by the respondents to dismiss the case here, first, upon the ground that the order of adjudication entered nunc pro tunc on the 9th of March, 1905, can only be reviewed in this court upon appeal and not upon petition to superintend and revise, and, second, that the record is not before this court certified as required by law and the rules of court, so as to authorize the court to review any matter of law involved in the order for the sale of the property of the bankrupt.

In the record, the greater part of the proceedings, including the findings of fact, orders, and decrees in the case, are certified by George W. Johnson, referee in bankruptcy, and the certificate which he attaches severally to the various proceedings is as follows:

"I, George W. Johnson, at Parkersburg, one of the referees in bankruptcy in the District Court of the United States, for the Northern District of West Virginia, do certify that the foregoing is a true and correct copy of * * * entered in the matter of the Cook Inlet Coal Fields Company, in bankruptcy, the original of which is now of record in my office.

"Given under my hand at Parkersburg, in said District, on this ——— day of ———, A. D., 1905.
    "[Signed]                       George W. Johnson, Referee in Bankruptcy."

At the conclusion of the record appears the following certificate of the clerk:

"United States of America, Northern District of West Virginia—ss:

"I, Jasper Y. Moore, clerk of the District Court of the United States for the Northern District of West Virginia, do certify that the foregoing (with the exception of the certificates of George W. Johnson, referee in bankruptcy) are true copies of original papers and orders of bankruptcy proceedings, on file or of record in my office, of the matter to be reviewed, in the case of the Cook Inlet Coal Fields Company, bankrupt.

"In testimony whereof I have hereto set my hand and the seal of said court at Clarksburg, in said district, this 15th day of March, A. D. 1906.
    "[Signed]                              Jasper Y. Moore,
"[Seal of Court.]                Clerk D. C. U. S., N. D. W. Va."

By virtue of the provisions of the bankrupt act, the Circuit Courts of Appeals have appellate jurisdiction in bankruptcy cases, and appeals

may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Courts of Appeals of the United States and to the Supreme Courts of the territories, in like manner as appeals in equity are taken. Appeal is the proper remedy, so made by the act in the following cases: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; (3) from a judgment allowing or rejecting a debt or claim for $500 or over. If the case falls within one or more of these classes, it can be reviewed only on appeal. Loveland's Bankruptcy, p. 816, § 314, and authorities cited under note 67.

"When an appeal has been allowed, a transcript of the record of the proceedings in the court of bankruptcy must be prepared and filed in the appellate court. It is the duty of the clerk to make it after and not before he is directed by counsel to do so." "No case will be heard until a complete record, containing, in itself and not by reference, all the papers, exhibits, depositions and other proceedings which are necessary to the hearing in the appellate court, shall be filed." Loveland's Bankruptcy, p. 833, § 323, citations under note 5.

"Perfecting an appeal by giving a bond, issuing and serving a citation, and filing the record in the appellate court, is essential to the prosecution of a suit in an appellate court." Loveland's Bankruptcy, p. 836, § 325.

The practice and the requirements upon appeals in bankruptcy cases are substantially the same as in other cases, and the record required to be certified and filed in such cases is the record of the case in the bankruptcy court.

The District Courts in the several districts of the United States are, by law, the courts of bankruptcy. The referee is not the District Court. He is only an elemental part of the court; one of the instrumentalities of the court, created by the law for the purpose of carrying out the provisions and purposes of the bankruptcy act. He occupies, in many respects, the relation to the bankruptcy court that the master does to the court of chancery. Such orders and proceedings as are had before the referee in any case, after the same is concluded by him and the proceedings certified, become a part of the record of the case and as such belong in the office of the clerk of the court in the district and territory within which the referee acts. The clerk of the District Court, being also clerk of the bankruptcy court, can alone, therefore, certify to the appellate court the proceedings had in a bankruptcy case, either on appeal or on petition to superintend and revise. He, and he alone, has the authorized seal of the court.

Certain judicial powers are vested in the referee and also certain administrative duties devolve upon him, but these he exercises, as before stated, as an instrumentality to carry into effect the bankruptcy act and as an essential of the court designated by law for that purpose. But these do not constitute him the keeper of the records or authorize him to certify records directly to a Circuit Court of Appeals. Indeed, as we have said, the proceedings taken before the referee become a part of the case in the court of bankruptcy, and section 272 of the act provides as follows:

"When the debts have been proved and allowed, the assets collected and distributed, the case is concluded before the referee. He should then certify to

a record of the proceedings before him, together with such papers as are on file before him, and transmit them to the clerk of the court. They are preserved by the clerk as a part of the records of the court." Bankr. Act July 1, 1898, c. 541, § 42c, 30 Stat. 556 [U. S. Comp. St. 1901, p. 3437]; Loveland, p. 735.

Aside from the right of appeal, which exists in the particular instances before stated, from the courts of bankruptcy to the Circuit Courts of Appeals, the latter courts have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. And it is recognized, as the law, that the provisions of the present bankruptcy act confer a complete supervision in matters of law over all the proceedings of the courts of bankruptcy within the limit specified. It has been held that the Circuit Courts of Appeals may review the whole bankruptcy case after a final decree and decide upon it, or that they may assume jurisdiction of any particular proceeding or order arising in the progress of the case. These powers, however, are not exercised by the Circuit Courts of Appeals upon appeals taken in the usual way, but the jurisdiction attaches by petition presented to the court, praying that the action of the court of bankruptcy in a case, or some part of its action, may be superintended and revised. This revisory jurisdiction, however, has been held in many cases not to include orders or judgments of the court of bankruptcy or of the district judge, which can be reviewed on appeal under the bankrupt act.

This case being before us now, upon a petition to superintend and revise the action of the court in bankruptcy, presents two questions: The one based upon an objection taken to an order entered nunc pro tunc, adjudging the petitioner, the Cook Inlet Coal Fields Company, bankrupt, and the other an exception to a decree of sale of the property of the bankrupt, made by the referee and affirmed by the judge of the District Court.

As to the adjudication in bankruptcy, we are of the opinion that the question suggested as to its illegality cannot be considered by this court under the present proceeding, the proper remedy, in event error is alleged in making the order, being by an appeal duly taken at the time the order of adjudication was entered. The other question, therefore, alone remains for consideration upon the motion of James H. Caldwell, James A. Watson and Charles T. Caldwell, respondents, to dismiss this proceeding on the ground that the record before us is not properly certified.

It will be seen that the clerk, in making his certificate, specifically excepts, as a part of the record in his office, the certificates of George W. Johnson, referee in bankruptcy. This exception, of course, includes all the proceedings, orders, and decrees found in the record purporting to be authenticated by the certificate of the referee.

These proceedings, orders, and decrees are those which are made the ground in the petition filed to superintend and revise the action of the bankruptcy court. Rule 36 of this court, under which petitions like that in the present case are filed, provides as follows in subdivision 2:

"The petitioner shall cause a certified transcript of the record and proceedings of the bankruptcy court of the matter to be reviewed to be filed in the clerk's office of this court within thirty days from the date of the filing of said petition."

There can be no question that this rule contemplates a transcript of the record and proceedings of the bankruptcy court certified by the clerk of that court, and not a transcript certified by the referee. In view of these conclusions, it is ordered by the court that the petition in this case be dismissed.

Dismissed.