### MORGAN v. BENEDUM et al.

(Circuit Court of Appeals, Fourth Circuit. November 6, 1907.)

#### No. 716.

BANKRUPTCY—APPEALS—TIME FOR TAKING.

The 10 days allowed by Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], for taking an appeal from a judgment allowing or rejecting a claim, cannot be extended by the filing of a petition for rehearing, after such time has expired, nor will an appeal lie from the ruling on such a petition which is addressed to the discretion of the court.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the Northern District of West Virginia.

This case was heretofore before this court, and is found reported in 145 Fed. 466, 76 C. C. A. 236. The original case involved the question of whether a certain trust deed made by the Augusta Pottery Company was invalid because the same constituted a preference of certain creditors over others of said corporation. This court held that the preference existed, and the deed was invalid, and this appeal presents for the consideration of the court the question of whether the lower court erred in allowing holders of bonds of the bankrupt, secured under the mortgage thus declared invalid, to prove their claims in bankruptcy as common creditors, notwithstanding the same were not filed within 12 months of the adjudication of the bankruptcy. Briefly stated, the referee on the 8th of March, 1905, held the deed to be a preference. On the 17th of May, 1905, the district court reversed that holding, and this court on the 1st of May, 1906, rendered its decision reversing the lower court, reported as above stated. Meantime M. L. Benedum and John A. Howard, special receiver, etc., creditors, whose debts are in dispute on this appeal, on the 5th of October, 1905, within one year from the original decision of the referee holding said assignment to be void as a preference, filed their proofs of claim before the referee. On the 26th of July, 1906, and after the mandate of this court had been duly certified to the lower court, that court allowed the said Benedum and Howard, special receivers, to file an amended proof of their said claims, and on said 26th of July, 1906, duly allowed the same in these words: "Upon consideration whereof the court is of opinion that the said John A. Howard, receiver as aforesaid, and the said M. L. Benedum, should be permitted to file said proofs of claim as amendments to the proofs filed by them herein on the 10th day of October, 1905. It is therefore adjudged, ordered, and decreed that said claims be filed; that the claim of John A. How-

ard, receiver as aforesaid, amounting with interest to date to $1,731.75, be allowed as a debt without priority against the estate of Augusta Pottery Company, bankrupt; that the claim of said M. L. Benedum, amounting with interest to date to $4,040.75, be allowed as a debt without priority against the estate of said bankrupt; that W. Frank Stout, the referee to whom this cause was heretofore referred, be and he is hereby directed to recast the dividend sheets already prepared in this cause so as to include the claims hereinbefore mentioned and in due course to cause all proper dividends thereon to be paid." On the 28th of August, 1906, the appellant herein filed his petitions before the referee and afterwards, on the 10th of September, 1906, before the court, asking a rehearing of the order allowing said claims, and praying that the same be rejected for the reason that the proof thereof was not filed within the time prescribed by the bankrupt act, and also because the claims were without consideration deemed valuable in law, and void as to bona fide creditors of said company. The lower court allowed the holders of said debts to answer the petitions, and referred the questions arising thereon to the referee. On the 31st of October, 1906, the district court entered an order dismissing the petitions, among other things reciting that the appellant had failed to present proof of the averments made in the time required by the order of reference. From the latter order this appeal is taken.

Scott C. Lowe, for appellant.

Davis & Davis, Riley & Ritz, and Osman E. Swartz, for appellees.

Before PRITCHARD, Circuit Judge, and MORRIS and WADDILL, District Judges.

WADDILL, District Judge (after stating the facts as above). Two questions are presented for consideration. First, whether in point of fact the proofs of claims were presented within the statutory period; and, second, whether the appellant has within the like period taken an appeal from the decision of the lower court allowing the claims.

In the view we take, it is unnecessary to decide the first question raised, though in passing it may be said that it would seem that the holders of the debts should be afforded opportunity to prove their claims as common creditors, after it was finally adjudged that they were creditors of that class. Keppell v. Tiffin Sav. Bank, 197 U. S. 355, 25 Sup. Ct. 443, 49 L. Ed. 790, 13 Am. Bankr. Rep. 552. But whatever may be the correct view in this respect, it cannot avail to serve these appellants, as manifestly the appeal from the order allowing the claims was not taken within the time prescribed by the statute. The bankruptcy act of July 1, 1898, c. 541, § 25, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], in plain terms provides that from orders allowing or rejecting a debt or claim of $500 or over, "such appeal shall be taken within 10 days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation as the case may be." This appeal should have been taken within 10 days from the order of 26th of July, 1906, and the time cannot be extended by means of a petition for review or rehearing filed more than a month thereafter. To do so would be to evade the statute of limitations entirely. The fact that the appeal was taken within 10 days from the order finally denying the application for a rehearing entered on the 31st day of October, 1906, cannot be used to bridge over the period from July to October. No appeal lies from an order rejecting a petition for rehearing under the bankrupt law. Sections 24 and 25 of the bankruptcy act prescribe in what cases

appeals may be had, and these sections manifestly do not cover such a case as this. Loveland on Bankruptcy, §§ 302, 314. Assuming that the appellant relies on the rules and practice in equity causes as controlling in the matter of taking this appeal, he is clearly without remedy, as it is well settled that inasmuch as petitions for rehearing are addressed to the sound discretion of the court, no appeal lies from an order refusing the same. 11 Bates, Eq. Pro. 686; Steines v. Franklin, 14 Wall. 15, 20 L. Ed. 846; Buffington v. Harvey, 95 U. S. 99, 24 L. Ed. 381; Boesch v. Graff, 133 U. S. 699, 10 Sup. Ct. 378, 33 L. Ed. 787.

The decision of the lower court is plainly right, and should be affirmed.

Affirmed.