### POSTLETHWAITE v. HICKS.

(Circuit Court of Appeals, Fourth Circuit. September 18, 1908.)

#### No. 833.

BANKRUPTCY (§ 461*)—ORDERS OF COURT—MODE OF REVIEW.

A decision of a court of bankruptcy allowing or rejecting a claim of $500 or over is reviewable by the Circuit Court of Appeals only on an appeal taken within 10 days, as provided by Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 461.*]

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of West Virginia, at Bluefield.

D. E. French, D. M. Easley, and R. C. & Bernard McClaugherty, for petitioner.

Harold A. Ritz and Sanders & Crockett, for respondent.

Before PRITCHARD, Circuit Judge, and WADDILL and BOYD, District Judges.

PER CURIAM. In this case M. B. Postlethwaite, trustee of Owen C. Phelps, bankrupt, filed his petition on the 15th day of June, 1908, to superintend and revise an order of the District Court of the United States for the Southern District of West Virginia, sitting in bankruptcy, entered on the 16th day of April, 1908. The facts in the case are that on the 16th day of November, 1907, Owen C. Phelps was duly adjudged a bankrupt, and at the first meeting of the creditors M. B. Postlethwaite was appointed trustee. At this meeting William Hicks filed and offered to prove a claim against the estate of the bankrupt

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

165 F.—57

for $1,080, based on a contract which had been entered into on the 15th of September, 1907, between the said Hicks and the bankrupt, in which the bankrupt contracted to lease from the said Hicks a storehouse in the city of Bluefield, W. Va., for a term of three years, beginning on the 15th day of October, 1907, at the rate of $90 per month. The referee allowed Hicks to prove his claim for $90 for the one month's rent which had expired after the contract was entered into and before the adjudication. The creditor filed his petition to have the district judge review this decision of the referee, and on the hearing of the same by the judge the decision of the referee was overruled, and the creditor, Hicks, was allowed by the order of the court to prove his claim for a period of one year, amounting to the sum of $1,080, and the unexpired part of the lease was directed by the court to be held and disposed of by the trustee as a part of the bankrupt's estate.

As is shown above, the trustee filed his petition in this court on the 15th day of June, 1908, to superintend and revise in matter of law this proceeding of the District Court. The attorneys for the creditor, Hicks, move that the petition be dismissed, on the ground that a petition to superintend and revise is not the proper method by which to bring the case before this court. In this we think the counsel are right. Section 25a of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]) provides:

"That appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals of the United States, and to the Supreme Court of the territories, in the following cases, to wit: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of $500 or over."

In Re Mueller, 135 Fed. 711, 68 C. C. A. 349, Judge Lurton discusses the proper methods of bringing cases before the Circuit Court of Appeals for review in bankruptcy proceedings, and he lays it down that, where the question involved is one in which a claim for $500 or upwards against the bankrupt estate has been allowed or disallowed, an appeal is the only proper remedy, and that such appeal must be taken within 10 days from the rendition of the judgment. That construction of the statute is in entire harmony with the decision of this court in the case of Cook Inlet Coal Fields Company v. Caldwell, 147 Fed. 475, 78 C. C. A. 17, in which case this court held that a judgment allowing or rejecting a debt or claim against the estate of the bankrupt of $500 or over could only be reviewed in this court on appeal. We think these two cases, together with the case of Morgan v. Benedum et al., 157 Fed. 232, 84 C. C. A. 675, settle the question; but, even if we felt authorized to treat the petition to superintend and revise as an appeal in this case, the same was not taken within the 10 days limited by the law.

The petition to superintend and revise is therefore dismissed.