## EWING v. RUSSELL HARDWARE CO.

(Circuit Court of Appeals, Eighth Circuit. February 24, 1923.)

No. 5863.

1. **Bankruptcy ⬤461—Appeal from an order denying discharge must be taken within 10 days.**

   Under Bankruptcy Act, § 25a (2), being Comp. St. § 9609, an appeal from an order denying a discharge must be taken within 10 days, and the time is not extended by the filing of a petition for rehearing.

2. **Bankruptcy ⬤455—Order denying rehearing not reviewable.**

   The action of a bankruptcy court in passing on a petition for rehearing is discretionary and is not reviewable by appeal.

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

In the matter of Edward F. Ewing, bankrupt. On the bankrupt's application for discharge, to which objection was filed by the Russell Hardware Company. From an order denying rehearing, after an order denying discharge, the bankrupt appeals. Appeal dismissed.

T. J. Leahy, C. S. Macdonald, S. C. Burnette, and F. W. Files, all of Pawhuska, Okl., for appellant.

Guy L. Andrews and Frank G. Anderson, both of McAlester, Okl., for appellee.

Before SANBORN and KENYON, Circuit Judges, and POL-LOCK, District Judge.

KENYON, Circuit Judge. January 24, 1920, Edward F. Ewing filed in the United States District Court for the Western District of Oklahoma a petition asking for an order of discharge in the bankruptcy proceedings pending in said court entitled "In the Matter of Edward F. Ewing, Bankrupt." Objection was duly filed to said petition by the Russell Hardware Company, a creditor, claiming that the bankrupt prior to bankruptcy made false and fraudulent statements to it for the purpose of obtaining credit, and did thereby obtain goods of the value of more than $5,000. The court referred the matter to John J. Hildreth as special master to take testimony and report. His report was filed September 8, 1920, recommending that the bankrupt be denied a discharge for the reason that he had obtained property on credit upon a materially false statement in writing made by him to the Russell Hardware Company for the purpose of obtaining credit from said company.

December 9, 1920, the court entered an order confirming the report of the special master and denying a discharge to the bankrupt. December 20, 1920, the bankrupt filed a petition for rehearing, and asked the court to vacate and set aside the order of December 9, 1920, and upon rehearing to grant said bankrupt a discharge. January 3, 1921, the court denied the petition for rehearing.

[1] The assignments of error apparently seek to raise questions as to the order of December 9, 1920, refusing the discharge, as well as

the action of the court in denying the petition for rehearing. It is apparent that, if this is an attempt to appeal from the order of December 9, 1920, it is too late to give this court jurisdiction. Under section 25, chapter 4, of the Bankruptcy Act of 1898 (Comp. St. § 9609), an appeal must be taken within 10 days from a judgment adjudging or refusing to adjudge one a bankrupt. This was not done in this case, nor was the petition for rehearing filed within such 10 days.

[2] This appeal is in fact one from the order made by the court on January 3, 1921, denying and overruling the petition for rehearing. The assignments of error do not claim or suggest any abuse of the court's discretion in ruling on this petition, but merely allege that the court erred in denying the same. The action of the court in passing on the petition for rehearing was discretionary and is not reviewable by appeal. Wylie, Jr., Adm'r, v. Coxe, 14 How. (55 U. S.) 1, 14 L. Ed. 301; Conboy v. First National Bank of Jersey City, 203 U. S. 141, 27 Sup. Ct. 50, 51 L. Ed. 128. In the latter case the court said:

"No appeal lies from orders denying petitions for rehearing, which are addressed to the discretion of the court and designed to afford it an opportunity to correct its own errors."

The doctrine is so firmly established that it would be superfluous to further cite cases.

While the question here discussed is not raised in the briefs, and no motion is filed by appellee relating thereto, we feel constrained upon our own motion to dismiss the appeal. We may say, however, that from a review of the record in this case we are satisfied our action works no injustice.

The appeal is dismissed.