**In re GELINO'S, Inc.,**
**LAMSON CO., Inc., v. WHITTEMORE.**
No. 4497.

Circuit Court of Appeals, Seventh Circuit.
June 30, 1931.

Walter T. Gunn and Harold F. Lindley, both of Danville, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Upon appellee's motion to dismiss, it appeared that upon the adjudication of Gelino's, Inc., in bankruptcy, appellant filed its proof of a debt growing out of a lease contract somewhat like a conditional sales agreement. This lease ran for a period of ten years, and called for quarterly payments of $63. Clause 6 provided that, in case of the user's bankruptcy, appellant should have the right to repossess the machine, and to recover a sum equal to all payments which would have been payable during the balance of the period, less 20 per cent. Adjudication occurred shortly after the installation of the cash conveyer system, and appellant repossessed the system. Thereafter, it filed its claim against the bankrupt estate for the sums accrued and to accrue until the end of the lease, less 20 per cent. The claim was disallowed by the referee, except for $100, which represented the reasonable rental which had accrued before the machine was reclaimed. The District Court approved this ruling, excepting that it fixed at $45, instead of $100, the rental which accrued prior to the date of the bankruptcy proceedings.

Appellant filed with the District Court a petition to set aside the order disallowing its claim, and prayed what appellee calls a rehearing of the cause. It supported this petition by affidavits which tended to show its claim was not one to collect a penalty, but rather one within the holding of Lamson Co. v. Elliott-Taylor-Woolfenden Co. (C. C. A.) 25 F.(2d) 4, 58 A. L. R. 295.

The court thereafter entered an order, the directing portions of which read: "Now, Therefore, it is hereby ordered that the petition for rehearing, be, and the same is hereby denied."

The present appeal is taken from this last order, the so-called order denying the petition for rehearing. No appeal was taken from the judgment disallowing the claim. Appellee's motion to dismiss is based upon the ground that the order appealed from is not appealable.

Appellant contends: (a) The order of this court allowing the appeal settles the question adversely to appellee. (b) The order appealed from is not one which merely denies a petition for rehearing on a rejected claim exceeding $500. (c) The order

· Cutting, Moore & Sidley, Charles S. Cutting, and John Paulding Brown, all of Chicago, Ill., and E. Crosby Kindleberger, of New York City, for appellant.

properly construed is one from which the aggrieved party may appeal under 11 USCA § 47 (b), provided this court, or a judge thereof, allows the appeal.

■■ (a) The effect of this court's order allowing the appeal. We are well satisfied that the order allowing the appeal, either by this court or the District Court, cannot have the effect of enlarging orders or decrees which are appealable. Statutory provisions, which require the order of the District Court, or of this court, before appeal may be taken, apply only to appealable orders or decrees. The allowance of appeal is governed by statute. Appeals may be taken only from such orders or decrees as the statute designates. An order or decree not so designated by statute as appealable may not be made so by an order of this court authorizing an appeal from it.

(b) Character of the order appealed from. The District Court characterized the application of appellant, which ripened into the order appealed from, as a "petition for rehearing." To this designation, appellant excepts and alleges that its application was (1) to set aside the court's order disallowing the greater part of appellant's claim as a creditor of the bankrupt; (2) to amend the findings of the referee in bankruptcy to include the facts set forth in the affiadvits filed in support of the application; and (3) to grant a rehearing by the District Court on the referee's findings as so amended.

■ The order denying such an application, it is argued, was a final order, and, therefore, appealable. Viewing a petition for rehearing in equity as analogous to a motion for a new trial at law, Roemer v. Bernheim, 132 U. S. 103, 10 S. Ct. 12, 33 L. Ed. 277, we conclude that the court properly designated the application as a petition for rehearing. For authorities holding that such petitions for rehearing in equity and motions for a new trial in actions at law are not appealable, see Conboy v. First Nat. Bank of Jersey City, 203 U. S. 141, 27 S. Ct. 50, 51 L. Ed. 128; Roemer v. Bernheim, 132 U. S. 103, 10 S. Ct. 12, 33 L. Ed. 277; Ewing v. Russell Hardware Co. (C. C. A. 8) 287 F. 535; Morgan v. Benedum (C. C. A. 4) 157 F. 232; Foster v. McMasters (C. C. A. 8) 15 F.(2d) 751; Magnetic Mfg. Co. v. Dings Magnetic Separator Co. (C. C. A. 7) 37 F.(2d) 709; Liebing v. Matthews (C. C. A. 8) 216 F. 1.

(c) Appealable orders in bankruptcy. Appellant relies on two sections of the Bankruptcy Act [11 USCA §§ 47 (b), 48 (a)] to support its contention that the jurisdiction of this court in bankruptcy matters is not limited by the decisions applicable to appealable decrees in the ordinary equity suit. We think counsel makes a justifiable distinction between this court's jurisdiction in bankruptcy matters and its jurisdiction over appeals from decrees in other equity suits. However, it is to the statute that we must turn to ascertain the appealability of an order, whether it be entered in a bankruptcy cause or in the ordinary equity suit.

■ As the claim of appellant, which was rejected in this instance, exceeded $500, section 48 (a) governs. It is, we think, perfectly clear that the appellant's right to appeal from a judgment disallowing it was not dependent upon an order of this court allowing this appeal (11 USCA § 48 (a). In re Cooperative League (C. C. A.) 22 F.(2d) 725. One class of appeals authorized by said section 48 (a) is "from a judgment allowing or rejecting a debt or claim of $500 or over." The section does not, however, authorize an appeal from an order granting or denying a motion for a new trial, or from an order granting or denying a petition for rehearing of a judgment disallowing such a claim. If then an order denying such a motion is appealable, it must be by virtue of section 47 (b).

■ The argument that section 47 (b) gives to this court jurisdiction to superintend and revise the proceedings of a court of bankruptcy, and that, when authorized by this court, the aggrieved party may appeal from any order entered in any such proceeding is somewhat persuasive. As we understand this argument, it is that inasmuch as this court has jurisdiction to superintend and revise proceedings of the several courts of bankruptcy within its jurisdiction, it must, inasmuch as the revisory power is now exercised by appeal, entertain jurisdiction of this appeal because, through it, appellant is seeking to revise a ruling of the court of bankruptcy in respect to a proceeding had therein.

The force of this argument cannot be gainsaid, but we think it would be more persuasive were it not for the provision in section 48 (a), which defines the judgments entered in the courts of bankruptcy from which an appeal might be taken as a matter of right. The appeals authorized by section 48 (a) are, among other matters, from judgments entered upon debts of $500 or over. It is specific, and would seem to require a construction which excludes by implication the application of section 47 (b), either to the said

judgment allowing or rejecting said claim, and also to other orders entered in said court relating or pertaining to said judgment; be such order entered on a motion for a new trial or on an application to vacate the same. Generalia specialibus non derogant.

In other words, section 48 (a) gives the aggrieved party a right to appeal from a judgment allowing or disallowing his claim, if the claim be for $500 or over. Section 47 (b) gives an aggrieved party the right to appeal from an order entered in a proceeding in bankruptcy. Keeping in mind the above-cited holdings, to the effect that rulings on motions for a new trial in actions at law and petitions for rehearing of equity suits are not appealable, it is, we think, fair to assume that Congress, by section 48 (a), dealt inclusively with subjects there specifically mentioned, and they should be excluded from the scope of orders defined by section 47 (b).

We conclude that orders thus made appealable by section 47 (b) did not include orders relating to a rehearing of a judgment disallowing a claim of $500 or over.

The appeal is dismissed.