### STRADFORD v. WAGNER et al.
### No. 701.

Circuit Court of Appeals, Tenth Circuit.
March 30, 1933.

Rehearing Denied May 12, 1933.

750

E. O. Patterson, of Tulsa, Okl. (Chas. B. Rogers and Spencer Adams, both of Tulsa, Okl., on the brief), for appellant.

William E. Byers, of Kansas City, Mo., Boyd Ewing, of Nevada, Mo., and James W. Cosgrove, of Tulsa, Okl., for George W. Wagner and Andrew J. Spahr.

Before COTTERAL and McDERMOTT, Circuit Judges, and JOHNSON, District Judge.

COTTERAL, Circuit Judge.

The appellant, J. B. Stradford, has appealed from a decree of May 22, 1931, in a suit he brought against Tulsa Investment Company, a corporation chartered in Oklahoma, Tulsa Security Company, a copartnership composed of A. J. Hamel, J. W. Hamel, C. L. Waite, and Mary M. Miller, to have them declared to hold in trust for him certain real estate in Tulsa, Okl., to cancel mortgages executed against the property by Mary M. Miller and the investment company, to require a deed from that company, and to have an accounting to conserve, through a receiver, the rents and profits from the property.

There was a reference of the case to a master and a report of his findings. Thereafter, the plaintiff caused the Farm & Home Savings & Loan Association of Missouri to be made an additional party defendant, and, with leave of court, filed an amended bill.

His grievances were, in substance, that he had negotiated with the Tulsa Security Company for a loan of $29,000 by the association, secured by mortgage on the Tulsa property, and later executed a deed for the property to that company, with the understanding J. W. Hamel was to sell the property and account to plaintiff for the proceeds over the loan; that his grantee conveyed the property to Mary M. Miller; that she, in turn, mortgaged the property to the association for sums aggregating $42,000, to satisfy the first loan; that she conveyed the property to the two Hamels; that they conveyed it to the Tulsa Investment Company; and that company had mortgaged the property to the association for $37,500 as a renewal and to take up the $42,000 mortgage, and later again mortgaged the property to the association for $43,000 to satisfy the last mortgage and obtain an additional loan, and all of said parties had notice of plaintiff's title and rights.

The savings and loan association answered asserting its mortgage lien for $43,000, less credits, leaving a balance of $27,422.84, and prayed for foreclosure of the same. There were averments that the association believed that the Tulsa Investment Company and predecessors had absolute title to the property, and that the Tulsa Investment Company acquired such title and the loan was made to that company in good faith. Foreclosure of that mortgage was prayed.

The Tulsa Investment Company also answered the bill, asserting title to the property, and denying it was held in trust. The plaintiff replied to these pleadings, reasserting his title and rights.

The cause went to final decree in plaintiff's absence on May 22, 1931. It recites an appearance by W. N. Maben, as plaintiff's attorney. The evidence, if any was introduced, is not in the record. The court found the issues in favor of the savings and loan association and against the plaintiff; that the association held a valid mortgage against the property executed by the Tulsa Investment Company for $43,000, on which there was a balance due of $29,320.07, with interest, costs, and attorney's fees. The mortgage was foreclosed, with a direction for a sale of the property by Garland Keeling, as master, to realize the amounts due. The balance was to be brought into court to abide further order, and the sale was to bar plaintiff of all right and title to the property.

The plaintiff filed a petition for rehearing on December 23, 1931. It alleged the decree was rendered as though upon default,

but denied plaintiff appeared by attorney at the date of the decree, and alleged his said attorney believed the suit would be dismissed for nonpayment of costs, and he was granted leave to dismiss the suit on such payment; that plaintiff did not learn of the decree until it was too late to perfect an appeal. There were averments and exhibits setting forth plaintiff's claims. The petition was set for hearing, pursuant to notice, on January 9, 1932. There was an order thereon of February 27, 1932, which provided that the decree should not be set aside, but modified to the effect that the master's sale of the property should be free of all claims of plaintiff without prejudice to his assertion of his right to proceeds, and the accounting was also reserved, subject to claims of parties thereto. On April 1, 1932, a supplemental order was entered, directing the master to sell and convey the property and specifying the terms and notice of sale by the master. On April 15, 1932, an appeal was allowed from the decree, as modified by order of February 27, 1932.

The assignments of error were presented upon the four grounds: (1) The decree was in excess of the jurisdiction of the court. (2) The answer and cross-bill of the savings and loan association failed to state facts entitling the mortgagee to relief. (3) They disclose the invalidity of the mortgage, and without certain supporting proof the mortgage lien could not be sustained. (4) Error in refusing to vacate the decree instead of modifying it.

▬ The difficulty which confronts appellant is that the appeal was allowed more than ten months after the rendition of the decree, whereas the governing statute requires an appeal from a final decree in three months. Section 8(c), Act February 13, 1925, c. 229, 43 Stat. 940, section 230, title 28, U. S. Code (28 USCA § 230). The limitation is mandatory and jurisdictional. Larkin Packer Co. v. Hinderliter Tool Co. (C. C. A.) 60 F.(2d) 491. The petition for rehearing was filed after the lapse of the period allowed for appeal. It did not toll the statute, because, in order to have that effect, it was required to be filed within three months from the date of the decree. Chicago, M. & St. P. R. Co. v. Leverentz (C. C. A.) 19 F.(2d) 915; Northwestern Public Service Co. v. Pfeifer (C.

C. A.) 36 F.(2d) 5. Furthermore, no appeal was allowable from the denial of the petition, as the action of the court thereon was a matter of discretion. Conboy v. First National Bank, 203 U. S. 141, 27 S. Ct. 50, 51 L. Ed. 128; Ewing v. Russell Hardware Co. (C. C. A.) 287 F. 535; Sun Oil Co. v. Rhodes (C. C. A.) 15 F.(2d) 790; In re Gelino's, Inc. (C. C. A.) 51 F.(2d) 875.

We are powerless to review the decree. The appeal is accordingly dismissed.

### On Petition for Rehearing.

Before McDERMOTT, Circuit Judge, and JOHNSON, District Judge.

### PER CURIAM.

Appellant urges, in a petition for rehearing, that where a chancellor seasonably and substantially modifies a decree in equity, time for appeal runs from the entry of the modified decree. That may be conceded. But appellant's complaint is not directed at the so-called modification, but at the original decree ordering a sale, which was not modified.

The decree of foreclosure was entered in May, 1931, and time for appeal expired in August, 1931. In December, a petition for rehearing was filed. That petition was denied, and an order entered which did not alter or modify the decree of foreclosure, but simply permitted appellant to assert any claim he might have against the proceeds. Appellant has not, and does not, complain of the permission so accorded him; his complaint has been, and still is, that the court erred in ordering a sale of the property in May. The effort is therefore to appeal from the 1931 decree long after it became final—an attempt to do indirectly that which cannot be done directly.

▬ But if appellant were by this barrier, he would be no better off. The decree of May, 1931, and the order denying the rehearing, are valid on their face; we are not advised as to what evidence or admissions were before the trial court when the decrees were entered, for the record is barren of any proceedings below except the pleadings and orders. Decrees are reversed because of errors appearing in the record, and not because of the ipse dixit of a brief.

The petition for rehearing is denied.