## CONBOY *v.* FIRST NATIONAL BANK OF JERSEY CITY.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 54. Argued October 23, 1906.—Decided November 19, 1906.

Congress having provided by section 25*b* of the Bankruptcy Act that appeals may be had under such rules and within such time as may be prescribed by this court, the thirty day limitations in General Order in Bankruptcy XXXVI has the same effect as if written in the statute and the allowance of an appeal taken thereafter on certificate by a justice of this court from the Circuit Court of Appeals cannot operate as an adjudication that it is taken in time.

The time within which an appeal may be taken under section 25*b* of the Bankruptcy Act and General Order in Bankruptcy XXXVI runs from the entry of the original judgment or decree and when expired is not revived by a petition for rehearing. Appeals do not lie from orders denying petitions for rehearing which are addressed to the discretion of the court to afford it an opportunity to correct its own errors.

The time for appeal cannot after it has expired be extended by an application for rehearing or arrested by an order of the court, even though the application be made during the same term at which judgment was entered.

Appeal from 135 Fed. Rep. 77, dismissed.

THE facts are stated in the opinion.

*Mr. Martin Conboy* for appellant:

The appeal was properly taken; the petition for rehearing was addressed to the discretion of the court and extended the time, as all judgments are under the control of the court during the term at which they are rendered. *Brockett* v. *Brockett*, 2 How. 238; *Aspen Mining and Smelting Co.* v. *Billings*, 150 U. S. 31; *Voorhees* v. *Noye Mfg. Co.*, 151 U. S. 135; *Slaughter-House Cases,* 10 Wall. 273, 289; *Railroad Co.* v. *Bradleys*, 7 Wall. 575; *Memphis* v. *Brown*, 94 U. S. 715; *Tex. & Pac. Ry.* v. *Murphy*, 111 U. S. 488; *Sage* v. *Central R. R. Co.*, 93 U. S. 412, 418; *Cambuston* v. *United States*, 95 U. S. 285; *Kingman* v. *Western Mfg. Co.*, 170 U. S. 675, and cases cited, p. 678.

A possible rehearing is a necessary incident to every judgment or decree, the right to which cannot be cut off during the term except by express statute or rule of court.

A judgment or decree must be properly entered, in order to start the statute of limitation of the time to appeal. *Polleys* v. *Black River Imp. Co.*, 113 U. S. 81; *Rubber Co.* v. *Goodyear*, 6 Wall. 153; *Yznaga Del Valle* v. *Harrison*, 93 U. S. 233; *United States* v. *Gomez*, 1 Wall. 690.

Where an appeal to this court is permitted by the Bankrupt Act from a determination of the Circuit Court of Appeals, the judgment is not properly entered until the mandatory provision of subd. 3 of General Order XXXVI has been complied with. The "making and filing" of the findings of fact and conclusions of law referred to therein is a necessary prerequisite to the proper entry of the judgment. See *Insurance Co.* v. *Boon,* 95 U. S. 117.

*Mr. William G. Wilson,* for appellee.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This is an appeal from a final order of the Circuit Court of

Appeals for the Second Circuit affirming an order of the District Court of the United States for the Southern District of New York, filed June 7, 1904, affirming an order of a referee in bankruptcy, "In the matter of Phillip Semmer Glass Company, Limited, Bankrupt," dated May 7, 1904, allowing the claim of the First National Bank of Jersey City against the bankrupt's estate.

The final order of the Circuit Court of Appeals was entered January 23, 1905. The trustee petitioned that court, April 25, to recall its mandate and vacate the order therefor, and the application. was denied. On May 8, a petition for rehearing was filed, which was denied May 17, and an order to that effect entered May 24. A petition, dated the same day, was thereupon presented to a justice of this court, praying an appeal "from the whole of the said order of affirmance of the Circuit Court of Appeals for the Second Circuit, dated the twenty-third day of January, 1905, and from the whole of the said order of the Circuit Court of Appeals for the Second Circuit, dated the twenty-fifth day of April, 1905, denying the motion of your petitioner to recall the mandate of said court and cancel the order for same, and from the whole of the said order of the Circuit Court of Appeals for the Second Circuit, dated the twenty-fourth day of May, 1905, denying the petition of the said trustee for a rehearing;" and for the reversal of "said orders and decrees, &c., and every part thereof."

Appeal was allowed and certificate granted under § 25*b*, par. 2, of the Bankruptcy Act, May 27, 1905. Thereafter and on June 14, 1905, findings of fact and conclusions of law were filed by the Circuit Court of Appeals, "*nunc pro tunc,* as though the same were made and filed at the time of entry of the judgment of this court on the twenty-third day of January, 1905."

The following provisions of the Bankruptcy Act are applicable:

"Sec. 25*b.* From any final decision of a Court of Appeals,

allowing or rejecting a claim under this act, an appeal may be had under such rules and within such time as may be prescribed by the Supreme Court of the United States, in the following cases and no other:

*     *     *     *     *     *     *     *

"2. Where some Justice of the Supreme Court of the United States shall certify that in his opinion the determination of the question or questions involved in the allowance or rejection of such claim is essential to a uniform construction of this act throughout the United States."

Paragraphs 2 and 3 of General Orders in Bankruptcy, XXXVI, read:

"2. Appeals under the act to the Supreme Court of the United States from a Circuit Court of Appeals, or from the Supreme Court of a Territory, or from the Supreme Court of the District of Columbia, or from any court of bankruptcy whatever, shall be taken within thirty days after the judgment or decree, and shall be allowed by a judge of the court appealed from, or by a Justice of the Supreme Court of the United States.

"3. In every case in which either party is entitled by the act to take an appeal to the Supreme Court of the United States, the court from which the appeal lies shall, at or before the time of entering its judgment or decree, make and file a finding of the facts, and its conclusions of law thereon, stated separately; and the record transmitted to the Supreme Court of the United States on such an appeal shall consist only of the pleadings, the judgment or decree, the finding of facts, and the conclusions of law."

The law provides that appeals shall be taken "within such time as may be prescribed by the Supreme Court of the United States," and by General Order XXXVI this court prescribed the time and limited it to thirty days, in harmony with the policy of the Bankruptcy Act, requiring prompt action and the avoidance of delay.

The limitation has the same effect as if written in the stat-

ute, and the allowance of an appeal on certificate cannot operate as an adjudication that it is taken in time.

The present appeal was allowed four months "after the judgment or decree" appealed from and three months after the time to appeal had expired.

But it is said that the limitation should be referred to the date of the order denying the petition for rehearing, and the trustee prayed an appeal from that order as well as from the judgment of January 23.

No appeal lies from orders denying petitions for rehearing, which are addressed to the discretion of the court and designed to afford it an opportunity to correct its own errors. *Brockett* v. *Brockett*, 2 How. 238; *Wylie* v. *Coxe*, 14 How. 1. Appellant might have made his application for rehearing and had it determined within the thirty days, and still have had time to take his appeal. But he let the thirty days expire, as it did February 22, 1905, and did not file his petition until May 8, 1905. The right of appeal had then been lost and appellant could not reinvest himself with that right by filing a petition for rehearing.

The cases cited for appellant, in which it was held that an application for a rehearing, made before the time for appeal had expired, suspended the running of the period for taking an appeal, are not applicable when that period had already expired. "When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court. If it could be, the law which limits the time within which an appeal can be taken would be a dead letter." *Credit Company, Limited,* v. *Arkansas Central Railway Company,* 128 U. S. 258, 261.

In the circumstances, the suggestion that there is but one term of the Circuit Court of Appeals for the Second Circuit, and that; by the rules of practice of that court, petitions for rehearing may be presented at any time during the term, and therefore that this petition operated to enlarge the limitation of the Bankruptcy Act, is without merit.

The petition was denied. Whether it could have been granted in view of the terms and spirit of the Bankruptcy Act, or the effect, if it had been, we are not called upon to discuss.

*Appeal dismissed.*