### In re BRADY.

(District Court, W. D. Kentucky. November, 1908.)

BANKRUPTCY (§ 462*)—ADJUDICATION—APPEAL—TIME—SCHEDULES—FAILURE TO FILE.

A bankruptcy adjudication was entered April 17th. The bankrupt, on April 28th, applied for a rehearing, on which the court gave an opportunity for further investigation of the facts and overruled a motion in an opinion delivered on June 9th, after which the bankrupt attempted to appeal from the order of adjudication, but without supersedeas. *Held,* that such appeal not having been taken within 10 days, as required by the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901; p. 3432]) § 25, and no supersedeas having been issued, was no answer to a rule to compel the bankrupt to file his schedules, but that, the appeal having been taken, an order requiring the filing of schedules

would be respited to allow the parties in interest to move to dismiss the appeal.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 924, 925; Dec. Dig. § 462.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

In Bankruptcy. On rule against the bankrupt to show cause why he should not be ordered to file his schedules.

James R. Duffin and G. B. Likens, for petitioner.

Barnes & Anderson and Norman Farrell, Jr., for bankrupt and others.

EVANS, District Judge. The bankrupt not having filed his schedules, on motion of creditors he was ruled to show cause why he should not be compelled to do so. He was served with a copy of the order, and at the return day named therein filed a response, and therein insisted, upon grounds which will sufficiently appear from what follows, that the rule should not be made absolute, but should be respited until his appeal in the case had been determined by the Circuit Court of Appeals. The creditors objected to the sufficiency of the response.

On June 9th last the court, in an opinion then delivered, stated its reasons for overruling the bankrupt's motion to set aside an order, entered on April 17th, adjudicating him a bankrupt. Under the express provisions of section 25 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), an appeal from the order of adjudication, to be effectual, must have been taken within 10 days. It has been frequently decided that a motion or other proceeding looking to a rehearing cannot operate to expand the statutory period of limitation if made after the time allowed for appealing had expired. Conboy v. First National Bank, 203 U. S. 141, 27 Sup. Ct. 50, 51 L. Ed. 128, 16 Am. Bankr. Rep. 773; Mills v. Fisher & Co., 20 Am. Bankr. Rep. 237, 159 Fed. 897, 87 C. C. A. 77, 16 L. R. A. (N. S.) 656. Instead of availing himself of his right to appeal within the 10 days, the bankrupt, after that period had expired on April 27th (section 31 of the act), to wit, on April 28, 1908, undertook not to appeal, but to obtain, a rehearing of the case; and the court, pending that motion and before deciding it, being anxious to ascertain whether he was entitled to a rehearing, gave opportunity for further investigation of the facts, and, not being thereby convinced that any wrong had been done the bankrupt, in June overruled his motion to set aside the adjudication. All of this was done, however, for the purpose of enlightening the court upon the merits of the proceeding to set aside the adjudication, and not with any purpose of extending or enlarging the time for an appeal, the right to which had apparently been lost. In the very recent case of West v. McLaughlin's Trustee (C. C. A.) 20 Am. Bankr. Rep. 654, 162 Fed. 124, the Circuit Court of Appeals of this circuit had occasion to point out the distinction that while a limited time only was allowed for an appeal, the trial court, within its discretion, might afterwards hear and determine a motion or other pro-

---

ceeding for a rehearing of the matter. Whether the bankrupt's appeal, taken in June last, be too late or not is a question altogether for the court where the appeal is pending, and not at all for the trial court. Nevertheless, the considerations we have suggested will go far in influencing the court's discretion upon a motion such as the one we are now considering, whereby the bankrupt in substance asks that the rule requiring him to show cause why he should not be compelled to file his schedules be respited until his appeal can be determined. In his response the bankrupt also objects that the show-cause order was obtained without notice. As to this it will suffice to say that, while a notice might not have been improper, it was not at all necessary, because the show-cause order itself gives notice and affords an opportunity on a certain named future day to show cause why the special relief sought should not be granted. The order, per se, gives him his day in court, and, besides, the bankruptcy act expressly requires him to file his schedules without being ruled in the premises.

What we have already said will indicate why the pendency of the appeal should not control our discretion, and especially as the bankrupt deliberately declined to supersede the order of adjudication when he appealed from it. Without a supersedeas an appeal never suspends the execution of an order nor stops its enforcement.

If the bankrupt resides in Tennessee (which, by the way, was well enough shown to be the fact, and so stated in our former opinion), his exemptions, as his response insists should be the case, will most probably be governed by the law of that state, and all questions in that connection can be easily presented and determined when the schedules are filed and exemptions claimed. He was adjudicated a bankrupt in Kentucky because his principal place of business had been in that state, and not because of residence here.

We think the response of the bankrupt to the rule to show cause is altogether insufficient, but upon filing this opinion an order may be entered respiting the rule until December 22, 1908, in order to allow the parties in interest an opportunity, if so desiring, to move the Circuit Court of Appeals to dismiss the appeal as having been taken too late. After the action of that court thereon we shall know better how to proceed on the rule.