## UNITED STATES v. GROSSBERG.

Circuit Court of Appeals, Second Circuit.
Jan. 19, 1931.

Robert E. Manley, acting U. S. Atty., of New York City (Ellamarye Failor, of New York City, of counsel), for the motion.

David P. Siegel, of New York City (Leo H. Klugherz and Milton B. Seasonwein, both of New York City, of counsel), opposed.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

Grossberg was indicted in the District Court, and the indictment came on for trial on February 27, 1930, when the jury disagreed. He thereupon pleaded guilty, and was put on probation for two years. On June 27, 1930, the United States moved to revoke his probation; the court heard the application on notice, revoked the probation, and sentenced him to a year and a day at Atlanta, execution to begin on July 12th. On July 11, 1930, he moved to vacate ("strike out") the sentence, and the court denied the motion on the same day. On July 14th, the time of execution was extended to August 1st, and the term until September 1st; execution being at a later time still further extended to September 1st. On August 16th he moved a second time to vacate the sentence, which again the court denied. On September 2d he made a third motion; on October 3d, a fourth—which the court each time denied on the same day, execution being still suspended. On January 3, 1931, he appealed from the judgment of June 27, 1930.

The appellant's theory is that his time to appeal was extended by each motion to vacate the sentence, until three months after its denial (Brockett v. Brockett, 2 How. 240, 11 L. Ed. 251), and that, as the last denial was on October 3d, the appeal was timely. Assuming without deciding that the time to appeal is so extended, the motion so to extend it must itself be one which the court has jurisdiction to entertain. The District Court in the case at bar lost any jurisdiction over the judgment, ninety days after June 27, 1930; that is, on September 25, 1930. General Rule 5 of the District Court for the Southern District of New York. The orders denying the successive motions to vacate the judgment did not extend this time; they were not themselves judgments; else an offender might indefinitely extend the term by successive motions to vacate. Conboy v. First Nat. Bank, 203 U. S. 141, 145, 27 S. Ct. 50, 51 L. Ed. 128. Hence the court had no jurisdiction of the motion of October 3, 1930, and the time to appeal was at most extended to December 2, 1930, three months after the motion of September 2, 1930, the last which the court had any jurisdiction to hear.

598

Grossberg argues that until execution begins, the court has power to revoke the sentence and restore him to probation. U. S. v. Murray, 275 U. S. 347, 48 S. Ct. 146, 72 L. Ed. 309. That case holds only that the court's power under the Probation Act (18 USCA §§ 724–727) ends when execution begins; it does not inevitably follow that the power exists between sentence and execution. We may assume that it does, but it is a condition precedent to its exercise that the sentence can be vacated, since the sentence while it stands is inconsistent with probation. Whatever, therefore, tolls the power to vacate the sentence prevents any action under the Probation Act. U. S. v. Benz (January 5, 1931), 51 S. Ct. 113, 75 L. Ed. ——, decided that pending the term the court could reduce the sentence, though execution had begun, since it is material in such a case only to prevent an increase of punishment. It was not by virtue of the Probation Act that the change in sentence was there held valid; U. S. v. Murray, supra, was an answer to that. The power existed only because that act did not take away the jurisdiction of the court over its judgments, pending the term. The converse is also true.

Motion granted; appeal dismissed.