## UNITED STATES v. DOWELL (two cases).
### Nos. 10392, 10412.

Circuit Court of Appeals, Eighth Circuit.

March 10, 1936.

Gordon Frierson, Asst. U. S. Atty., of Little Rock, Ark. (Fred A. Isgrig, U. S. Atty., of Little Rock Ark., on the brief), for the United States.

Arthur L. Adams, of Jonesboro, Ark. (Cunningham & Cunningham, of Walnut Ridge, Ark., on the brief), for appellee.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

Two appeals are presented on the record in this case. The first appeal was al- lowed by the District Judge on July 15, 1935, in response to a petition filed on the same date. This appeal is apparently tak- en under section 25a of the Bankruptcy Act, as amended .(11 U.S.C.A. § 48 [a]). The second appeal was allowed · by this court on July 19, 1935, upon a petition to the court under section 24b of the Bank- ruptcy Act, as amended (11 U.S.C.A. § 47 [b]). Both appeals are from a judgment rendered June 20, 1935, sustaining an order of the referee allowing the claim of the appellant against the bankrupt estate of D. Bloom, bankrupt, as a common claim and denying such claim preference or priority.

The appellee urges that both appeals must be dismissed for want of jurisdiction in that they were not taken in proper time and manner.

The record discloses that appellant on April 19, 1934, filed its claim based upon a judgment against the bankrupt dated No- vember 27, 1933, for $4,997.01 with in- terest at 6 per cent. per annum from No- vember 4, 1931. Appellee filed exceptions thereto May 11, 1934, objecting both to the allowance of the claim in any amount and to the government's claim for a preference or priority. On August 3, 1934, the ex- ceptions were amended; the prayer of the amendment being "that petition of the United States to classify its said claim as a prior claim be denied and dismissed and that said claim be classified and allowed as a common claim payable pro rata from the general assets of said estate."

There was a hearing before the referee, and on April 2, 1935, an order was entered allowing the claim as a common claim and denying it a preferred or prior status.

Appellant petitioned the District Court for review of the referee's order. A hear- ing was had before the court on the rec- ord certified up by the referee and judg- ment entered thereon on May 2, 1935, sus- taining the order of the referee.

With respect to what occurred in con- nection with the judgment so entered on May 2, 1935, the trial court in his order of June 20, 1935, from which these ap- peals are taken, at the request of appellee made the following finding of fact: "This claim for priority by the United States was duly presented and heard by the court on the record certified up by the referee in bankruptcy and judgment thereon entered on May 2, 1935, denying a review of the order of the referee denying such priority. Thereafter and on May 31, 1935, respond-

ent, the United States, through its attorney duly served notice upon the trustee for D. Bloom, bankrupt, of filing and presentation to this court of petition for appeal from the said judgment entered on May 2, 1935. On the same date, May 31, 1935, said petition for appeal was duly filed, was presented to the United States District Judge and order allowing the appeal under section 25 of the Bankruptcy Act, as amended (11 U.S.C.A. § 48), was duly made and entered by the United States District Judge. That on the same date, May 31, 1935, said petitioner, the United States, through its attorney filed with the clerk præcipe for transcript on appeal. Thereafter and on June 12, 1935, respondent, the trustee for D. Bloom, bankrupt, filed his præcipe for additional transcript on appeal. Thereafter and on June 14, 1935, petitioner the United States through its attorney filed said motion to set aside the judgment made and entered under date of May 2, 1935. That thereafter and on June 17, 1935, respondent, the trustee for D. Bloom, bankrupt, filed response to said motion to set aside the judgment. That the term of court for the Jonesboro Division of the Eastern District of Arkansas at Jonesboro lapsed May 5, 1935."

The proceedings on appeal from the judgment of May 2, 1935, are not set out in the record. Our only knowledge of that appeal is found in the court's finding of facts and in the reference thereto in the trustee's response to the appellant's motion to set the judgment aside and for a rehearing, and in the appellant's petition to this court for leave to appeal from the judgment of June 20, 1935, under section 24 (b) of the Bankruptcy Act.

The motion of the appellant filed June 14, 1935, to which reference is made in the court's finding of fact set out above, is as follows: "Comes the petitioner, the United States, and moves the court to set aside its judgment rendered May 2, 1935, in the above cause, in which judgment the claim of the United States to the right of priority against the above bankrupt estate was denied; and moves the court that a rehearing be granted herein on the said question."

On June 17, 1935, the appellee filed his objections to setting aside the judgment and to granting a rehearing on the ground in substance that the District Court had lost jurisdiction by reason of the appeal

taken by appellant on May 31, 1935, from the judgment of May 2, 1935.

The motion of appellant was heard by the court on June 20, 1935, and sustained; and on the same day trial upon the merits was heard by the court upon the record certified up by the referee, "which," the court found, "was the same record presented to the court at the hearing on May 2, 1935," and an order and judgment entered sustaining "the action and judgment of the referee in his allowance of the claim of the United States against the bankrupt as a common claim and in denying preference or priority to such claim. * * *"

It is apparent from this record that a judgment was rendered on May 2, 1935, denying the government the right of priority against the bankrupt estate; that for some reason the attempted appeal therefrom was not prosecuted in this court; and that the proceedings of June 20, 1935, were for the obvious purpose of extending the time for another appeal. The motion for rehearing was not filed until forty-three days after the judgment was entered and thirteen days after the time for appeal had expired. The motion assigned no ground for a rehearing. When allowed no new evidence was offered, but the case was resubmitted upon the same record and the same judgment was reentered.

The right of appeal from an order in bankruptcy proceedings, once lost, cannot be revived by a petition or motion for rehearing. Conboy v. First National Bank of Jersey City, 203 U.S. 141, 145, 27 S.Ct. 50, 52, 51 L.Ed. 128; Foster v. McMasters, 15 F.(2d) 751, 753 (C.C.A.8).

In the Conboy Case, supra, the Supreme Court said: "Appellant might have made his application for rehearing and had it determined within the thirty days, and still have had time to take his appeal. But he let the thirty days expire, as it did February 22, 1905, and did not file his petition until May 8, 1905. The right of appeal had then been lost and appellant could not reinvest himself with that right by filing a petition for rehearing."

The time in which an appeal may be taken from an order in bankruptcy proceedings cannot be extended beyond its original limits by a mere reentry of the original order, when the purpose of such action is to extend the time of appeal or to revive the right lost by delay. Bonner v. Potterf, 47 F.(2d) 852, 854 (C.C.A.10);

United States v. East, 80 F.(2d) 134, 135 (C.C.A.8); In re L. H. Seifer & Sons, Inc., 78 F.(2d) 196 (C.C.A.7); In re Stearns & White Co., 295 F. 833, 837 (C.C. A.7).

The East Case, supra, decided by the court at the last term, is decisive of the question now under consideration. Both appeals must, therefore, fail because taken more than thirty days after final judgment.

The appellant seems to recognize the futility of the appeals considered above and urges that the case be determined upon the appeal of May 31, 1935, from the judgment of May 2, 1935. The difficulty in the way of such procedure is that the appeal of May 31st is not before us. With respect to that appeal appellant says in its brief: "The record not having been lodged in the Circuit Court of Appeals, the appeal was not complete * * *." And that is true. The record filed here contains none of the proceedings on that appeal. The appeal has not been docketed in this court. There is no assignment of errors for consideration. Nothing in fact is shown by the record, except the bare fact that a judgment was entered on May 2d and that the District Court allowed an appeal therefrom on May 31st under section 25 of the Bankruptcy Act. Such being the situation, the appeal is not before us for determination.

Both appeals are accordingly dismissed.