MINTZ v. LESTER et al.

No. 1578.

Circuit Court of Appeals, Tenth Circuit.

March 16, 1938.

R. C. Garland and J. H. Paxton, both of Las Cruces, N. M., for appellant.

R. R. Posey and Edwin Mechem, both of Las Cruces, N. M., for appellees.

Before LEWIS, PHILLIPS, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

On July 5, 1934, Minnie E. Mintz, a farmer, filed her petition in the District Court of the United States for the District of New Mexico, under the provisions of section 75 of the Bankruptcy Act, 47 Stat. 1470, as amended, 48 Stat. 925, §§ 8, 9, 48 Stat. 1289, 11 U.S.C.A. § 203, and note, seeking relief by way of a composition with her creditors or an extension of time to pay her debts.

On July 30, 1934, her proposal for a composition was rejected by her creditors.

On August 24, 1934, she filed an amended petition praying to be adjudged a bankrupt under subsection (s) of section 75 of the Bankruptcy Act, 48 Stat. 1289, 11 U.S.C.A. § 203 note. On August 25, 1934, the court entered an order of adjudication and referred the matter to a referee in bankruptcy. After the decision of the Supreme Court in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106, and on June 24, 1935, the court, on recommendation of the referee, entered its order dismissing the proceeding.

On October 7, 1935, Mintz filed in the office of the clerk of the district court a petition to reinstate the proceeding. On October 24, 1935, the district court entered its order reinstating the proceeding.

On December 2, 1935, Lester and Clark filed a motion to dismiss the proceeding. On December 20, 1935, the district court after hearing entered its order dismissing the proceeding.

No further steps were taken by the bankrupt until April 21, 1937, when she filed a motion to reinstate the proceeding seeking a rehearing of the motion to dismiss and a reconsideration of the action of the court in dismissing the proceeding by its order of December 20, 1935. On May 10, 1937, the trial court entered its order denying the motion to reinstate. On May 18, 1937, the debtor filed a petition for rehearing. On May 20, 1937, the trial court denied the motion for rehearing.

On June 14, 1937, the bankrupt filed a motion in this court praying an appeal from the order of May 20, 1937, denying the motion for rehearing.[1] On August 7, 1937, this court granted an appeal from such order.

A motion for a rehearing is addressed to the sound discretion of the court and a refusal to entertain a motion therefor or a denial of the motion, if entertained, is not the subject of appeal. Wayne United Gas Co. v. Owens-Illinois Glass Company, 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557; Roemer v. Bernheim, 132 U.S. 103, 106, 10 S.Ct. 12, 33 L.Ed. 277; Conboy v. First National Bank of Jersey City, 203 U.S. 141, 145, 27 S.Ct. 50, 51 L.Ed. 128; Stradford v. Wagner, 10 Cir., 64 F.2d 749, 751.

Likewise, the order of May 10, 1937, was not appealable. The petition to reinstate in effect sought a reconsideration of the court's action in dismissing the proceeding by its order of December 20, 1935— a rehearing of the motion to dismiss by a motion filed long after the time for appealing from such order had expired. A party may not avoid the effect of the statute limiting the time within which an appeal may be taken from an order, by filing after the time for appeal from such order has expired, a motion for rehearing or a motion to vacate the order and appealing from the order denying the motion for rehearing or the motion to vacate. Wayne United Gas Co. v. Owens-Illinois Glass Company, 300 U.S. 131, 133, 134, 137, 57 S.Ct. 382, 383, 384, 385, 81 L.Ed. 557;

---

[1] The motion for appeal in part read as follows: "Comes now Minnie E. Mintz, bankrupt, * * * and prays that she be granted an appeal from the final Order of the District Court of the United States for the District of New Mexico, denying her Motion for a rehearing on the Motion to Dismiss filed by Francis E. Lester and George M. Clark, * * * on December 2, 1935; and which final Order of said Court was filed herein on May 20, 1937."

Conboy v. First National Bank, supra; Bonner v. Potterf, 10 Cir., 47 F.2d 852, 854, 855; Clarke v. Hot Springs Electric Light & Power Company, 10 Cir., 76 F.2d 918, 921; United States v. Dowell, 8 Cir., 82 F.2d 3, 4.

It follows that the appeal was improvidently granted and it is therefore dismissed.