526

## In re CURY.

District Court, W. D. Virginia.
July 11, 1940.

R. R. Parker, of Appalachia, Va., for trustee.

Fred B. Greear, of Norton, Va., for H. C. Bolling.

PAUL, District Judge.

This matter comes on upon a petition for review of certain orders entered by the Referee as follows: (1) An order entered December 9, 1939, disallowing a claim of the homestead exemption to the bankrupt, and (2) An order entered March 16, 1940, disallowing a claim of H. C. Bolling, attorney for the bankrupt, in the sum of $1,131.05, claimed to be due him as a fee for collecting the amount of certain fire insurance shortly before the bankruptcy, and which insurance money is apparently the larger part of the assets of the bankrupt estate.

▮ The first question raised may be briefly disposed of. The adjudication in bankruptcy was upon an involuntary petition filed against the bankrupt on November 6, 1939. The deed claiming the homestead exemption by the bankrupt was filed for recordation in the Clerk's office of Wise County on November 8, 1939. This Court has heretofore held, in the case of E. M. Robinette, bankrupt, in an opinion dated February 17, 1932, lately published in 34 F.Supp. 518, that for a claim of the homestead exemption to be effective the homestead deed must be admitted to record prior to the date of the filing of the petition in bankruptcy and that this applies to both voluntary and involuntary petitions in bankruptcy. The reasons for such holding are discussed at length in the opinion referred to and need not be repeated here. See also the case of White v. Stump, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301; In re Youngstrom, 8 Cir., 153 F. 98, and also International Bank v. Sherman, 101 U.S. 403, 25 L.Ed. 866; and Everett, Trustee v. Judson, 228 U.S. 474, 33 S.Ct. 568, 57 L.Ed. 927, 46 L.R.A.,N.S., 154.

As to the second matter upon which review is asked, the record shows that H. C. Bolling, the attorney for the bankrupt, filed a claim in the amount of $1,131.05, alleging the same to be due to him as a fee for the collection of the amount of certain fire insurance paid to the bankrupt, it being alleged that the amount of the fee was fixed by contract between the bankrupt and the attorney, and the attorney further claimed a lien upon the fund for the amount of his fee.

This claim was objected to by the trustees in bankruptcy and, after a hearing thereon at which testimony was taken, the Referee, on March 16, 1940, entered an order disallowing the claim both as a preferred claim and as a general claim. The Referee found that no such contract for compensation between the bankrupt and his attorney in fact existed and that, as a fact, the agreement between the bankrupt and the attorney was for the payment of a sum very much less than the claim filed; that the claim as filed by Mr. Bolling was false and that this attorney had knowingly and willfully filed a sworn proof of claim in an amount not due to him and had attempted to use the court of bankruptcy to enforce a claim for fees in a larger amount than was due him and than he agreed with the bankrupt to accept as a fee. On the basis that the claim was a false one and that the claimant had concealed the true terms and nature of his agreement with the bankrupt as to the amount of his fee, the Referee disallowed the claim in its entirety.

It appears that on March 19, 1940, three days after the entry of the above order, Mr. Bolling requested the Referee to reopen the matter and to permit him to introduce additional evidence touching the matter of the fee claimed by him, and the date of March 27, 1940, was tentatively set for hearing any additional evidence that might be offered. However, before any further hearing was had, the Referee came to the conclusion that he was without authority to grant a rehearing on a claim which had been disallowed. He at once communicated this view to the parties interested in a letter in which he stated, among other things, "The proceeding for review of an order of the Referee is by a petition for a review to the District Judge, and the authority of a referee cannot be enlarged by the filing of a motion for rehearing. It is not within the power of a litigant to confer authority upon a referee which he does not otherwise have, and the filing of a petition for a rehearing and reexamination of an order disallowing a claim by the Referee is useless." The Referee cited several cases to support this view. He then added that he was sorry that the matter could not be reopened, but, in the face of the authorities cited, he did not feel that he had the right to reexamine the claim of Mr. Bolling, an order having previously been entered disallowing the claim.

Thereafter, on March 25, 1940, Mr. Bolling filed with the Referee a petition for rehearing. This petition was addressed to the Judge of the District Court, but, for some reason, was filed with the Referee. The petition did not ask a review of the order of March 16th, but requested that the matter be reopened for the purpose of allowing the petitioner to present additional evidence touching on his claim. On the following day, March 26th, Mr. Bolling filed a petition for review of the order of March 16th disallowing his claim. In this petition for review, he recites the filing of his petition for a rehearing and states that he desires the matter brought before the Court for action alternately on the petitions, that is, if his petition for rehearing was not granted, he desired to stand on his petition for review; or, if the Court believed that a rehearing should be had and so ordered, he desired to abandon his petition for review.

 The first matter that deserves discussion is the action of the Referee in refusing to grant a rehearing on his order disallowing the claim in the belief that he was without power to do so. It has appeared that other referees have been in confusion as to their powers in this regard, and it frequently happens that in the mind of litigants there is confusion as to the relationship between a petition for rehearing and a petition for review. The distinction between these and the fact that they are in no way related is a matter about which many persons apparently do not have a sufficient understanding. This Court had occasion recently, in the case of In re Sheets,[1] to discuss these questions; and while the discussion there related to the application for a rehearing on an order denying discharge, it is equally applicable to any order entered by a referee. What is said in the Sheets case and what is here again laid down for the guidance of the referees in this district is, as follows:

"That there should not be in some future phase of the case any doubt upon the question, this Court thinks it desirable to express the opinion that a referee undoubtedly has a power to grant a rehearing on an order denying or granting a discharge provided motion therefor is timely made. This is no special or unusual power, but merely the inherent right and power of every court to correct its own errors or possible

injustices. A rehearing, as this court understands it, is simply a renewed or further inquiry into matters which the court has once acted on. And whenever matter is presented to a court indicating the probability that the previous action was based on a misconception of facts or law, the court has power to open up the matter for reexamination. The granting of a rehearing is merely indication of a willingness to have the matter further inquired into with a view to correcting any error if any has been made. Any court, including the bankruptcy court, possesses the power to rehear any matter upon which it had the power to act in the first place. As stated by Judge Knight (W. D. of N. Y.) in granting a motion for rehearing of an order denying a discharge and overruling the contention that he was without jurisdiction to do so, In re Slohm, D.C., 11 F.Supp. 928:

" 'The right to grant a motion for rehearing is inherent. The petition is addressed to the discretion of the court and is designed to afford it an opportunity to correct its own errors.'

"Since the above expression, the amended Bankruptcy Act (Sect. 38 [11 U.S.C.A. § 66]) has invested the referees with power to grant, deny or revoke discharges. Having the power to act on such matters it follows, from the inherent power of courts, that they may entertain a motion for rehearing of any order entered in connection therewith or upon any other matter upon which they have jurisdiction to act.

 "But action upon a motion for rehearing lies within the discretion of the court to which it is addressed and no appeal lies from its denial. See Conboy v. First National Bank, 203 U.S. 141, at page 145, 27 S.Ct. 50, 51 L.Ed. 128. And Wyle v. Coxe, 14 How. 1, 14 L.Ed. 301, where it is said:

" 'It is plain that no appeal will lie from the refusal of a motion to open the decree and grant a rehearing. The decision of such a motion rests in the sound discretion of the court below, and no appeal will lie from it.'

"Again in Wayne Gas Co. v. Owens Co., 300 U.S. 131, at page 137, 57 S.Ct. 382, 81 L.Ed. 557, it is said:

" 'The granting of a rehearing is within the court's sound discretion, and a refusal

---

[1] No opinion for publication.

to entertain a motion therefor, or the refusal of the motion if entertained, is not the subject of appeal.'

"In connection with motions for rehearings and the effect thereof upon a litigant's rights, it must be borne in mind that the right to ask a rehearing is entirely independent of the right of appeal. When a party is aggrieved by an order from which an appeal is allowed, he must take his appeal within the time permitted by law. He may in the meanwhile move for a rehearing, but such motion does not in itself extend the time limit on the appeal or suspend the running of such time limit. Therefore, as said in Wayne Gas Co. v. Owens Co., supra:

" 'A defeated party who applies for a rehearing and does not appeal from the judgment or decree within the time limited for so doing, takes the risk that he may lose his right of appeal, as the application for rehearing, if the court refuses to entertain it, does not extend the time for appeal.'

"Again there must always be borne in mind the distinction between an application for rehearing and the rehearing itself, if one is granted. As stated above, no appeal lies from a refusal to grant a rehearing; but if a rehearing is granted and the court, after a reconsideration of the merits, adheres to its former judgment, i. e. reaffirms its previous action, the order entered on the rehearing is appealable and the time of appeal runs from its entry. Wayne Gas Co. v. Owens Co., supra.

"The reason for this is that when the Court has consented to rehear the matter, it has suspended or, for the time being, nullified its previously expressed judgment and has taken the matter again into the breast of the Court; as a result that when a court has entered its judgment, after a rehearing, that judgment comes as the final action of the court upon the merits and any appeal is upon the merits.

"The Court has elaborated somewhat upon this question, not because of the necessities of the instant case, but for the reason that a good many attorneys throughout the district often display an uncertainty or confusion as to the effect of applications for rehearing and their effect upon the right of appeal.

"The right given by Sect. 39, sub. c. of the Bankruptcy Act [11 U.S.C.A. § 67, sub. c] to have the orders of the referee considered by the District Court with a view to the correction of error is termed 'a review'. But in all essentials it is an appeal as a matter of right and there seems no reason why principles of law generally applicable to questions of appeal as between courts of record should not apply on petitions for review.

"In the instant case, the bankrupt had a right within ten days after September 12th to ask a review of the order of that date denying a discharge. He chose not to exercise that right, but relied on an application to the referee to grant him a rehearing. Had he taken the latter step more promptly there would have been time, even after the refusal to rehear, within which to appeal the order of September 12th. But not having taken an appeal, i. e. asked a review, of the order of September 12th within the time limited, he cannot bring the matter before the court on an appeal from the refusal to grant the rehearing.

"It must be emphasized that applications for rehearings have no relation to the right to appeal and neither is limited by the other. A court may entertain and may grant a motion for a rehearing even though the time for taking an appeal has expired or while an appeal is pending, subject to the general conditions that the term at which the judgment was entered has not expired and that no rights have vested on the faith of the judgment. And since a bankruptcy court has no terms it would seem that their powers are not affected by the first named condition. See Wayne Gas Co. v. Owens Co., supra. But applications for rehearing whenever made, either before or after expiration of the time for an appeal, are addressed to the discretion of the court whose judgment it is sought to rehear and the exercise of this discretion is not subject to review."

It is true that in the cases cited by the Referee there are expressions which seem to hold that when a Referee has once acted, disallowing a claim, he is without authority to re-examine it or reallow it. But this Court is unable to concur with such a view. The authority generally cited for such a proposition is the General Order of the Supreme Court XXI, Paragraph 6, 11 U.S.C.A. following section 53, which provides for the procedure when the trustee or any creditor shall desire the re-examination of a claim filed against the estate. This order provides, in its closing sentence, that the referee shall make such examination by hearing the creditor and

any witnesses; and if it appear that such claim ought to be expunged or diminished, the referee may order accordingly. Apparently the cases cited have construed this order as limiting a referee's further examination into a claim to one which has been previously allowed and as forbidding any rehearing or re-examination as to a claim which has been disallowed.

In my opinion, the rule bears no such construction. There is no reason to suppose that the Supreme Court intended to take away from referees in bankruptcy the inherent right of every court to correct its mistakes upon a rehearing where such mistakes were apparent. Let it be supposed that the referee had disallowed a claim through inadvertence or because, in his consideration of it, he had overlooked certain evidence or had plainly misunderstood or misconstrued the effect of certain evidence, with a result which was plainly erroneous and which he was perfectly willing to correct when it was called to his attention. Is it to be said that a referee under such conditions is helpless to do anything, but must force the creditor to suffer the delay and trouble of asking review by the District Court of an order which the referee himself is perfectly capable of correcting and perfectly willing to correct and of the facts leading to which he has a more intimate knowledge than the judge could possibly have. This would lead to entirely useless delays and expense as well as impose undue burdens of time upon the judge of the court if he were compelled to go through the formality of correcting an obvious error on the part of the referee merely upon the theory that when the referee had once entered an order, he was completely without power to alter it in any way, no matter how thoroughly he was satisfied of his own error.

It may be taken in this district, certainly until some higher court rules otherwise, that a referee has the same power inherent in every other court to grant a rehearing on any action taken by him when proper grounds for such rehearing are offered.

It appears, therefore, that the Referee was in error in thinking that he was without power to give further consideration to the claim filed or to hear any further evidence concerning it. Whether the Referee thought that the reasons advanced for a rehearing were sufficient to grant one or what his final action might have been if he had granted a rehearing are, of course, entirely different matters.

From what has been said herein, it is quite plain that this Court is in no way concerned with the action of the Referee in refusing to grant a rehearing. It is a matter which lies in the discretion of the Referee. It is not a matter which can be appealed from and this Court has no power or inclination to interfere with the exercise of the Referee's discretion in such a case. If the only petition before this Court were the petition for rehearing, it would simply have to be brushed aside as being no concern of the Court. But the creditor in this case also, and within due time, filed a petition for review of the Referee's order of March 16th. On the record before me, I would be inclined, in acting on this petition for review, to affirm the order of the Referee disallowing the claim but for one thing; and that is the statement of the Referee in his letter to the parties on March 19, 1940, at a time when he thought he was without power to grant a rehearing, that he was sorry that the matter could not be reopened and further evidence introduced. This expression of his regret of his inability to consider the matter further would indicate that the Referee felt it desirable that further evidence should be taken and the matter further inquired into.

If the Referee feels, as indicated by this letter, that some further examination into the matter is desirable, then the Court feels that it should not act on the record before it until such further examination is made. In other words, the Court does not desire to act on the state of facts appearing in the record when there is likewise contained in the record an indication from the Referee himself that further examination into the facts is desirable. For that reason, and for that reason alone, the matter will be sent back to the Referee in order that he may determine whether he thinks a rehearing proper or desirable and, if so, for any final action that he may take in connection therewith.