## CHIN GUM v. UNITED STATES.
### No. 4072.

Circuit Court of Appeals, First Circuit.

July 6, 1945.

William F. A. Graham, of Boston, Mass., for appellant.

Edmund J. Brandon, U. S. Atty., and Gerald J. McCarthy, Asst. U. S. Atty., both of Boston, Mass., for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

This is a motion for stay of mandate pending application for a writ of certiorari.

Our judgment affirming appellant's conviction was entered May 18, 1945, 149 F.2d 575. Under Rule XI of the Criminal Rules, 18 U.S.C.A. following section 688, 292 U.S. 665, a petition to the Supreme Court for a writ of certiorari must be filed within 30 days (Sundays and legal holidays excluded) after the entry of our judgment. See United States ex rel. Coy v. United States, 1942, 316 U.S. 342, 344, 62 S.Ct. 1137, 86 L.Ed. 1517. Therefore, a petition for certiorari had to be filed on or before June 23, 1945, with this qualification, that if appellant should, at least before that date, file in this court a timely petition for rehearing, the time for certiorari would not begin to run until the date of our order denying such petition. United States v. Seminole Nation, 1937, 299 U.S. 417, 57 S.Ct. 283, 81 L.Ed. 316.

Under our Rule 32, a petition for rehearing may be filed within 15 days after judgment is entered, unless the time is enlarged by order of the court. On June 2, 1945, the last day under the rule, appellant filed a motion asking that the time for filing a petition for rehearing be extended to June 15, 1945. By order entered June 4, we granted this extension. On June 15, the last day of such extended period, appellant moved for a further extension to July 2. By order entered June 15, we granted a further extension to June 27. On June 28, no petition for rehearing having been filed, we issued our mandate. Subsequently, on the same day, we entered an order "that mandate herein be, and the same hereby is, recalled, and stayed pending the determination of appellant's petition for rehearing filed late by leave of Court today." On July 2, our order was entered denying the petition for rehearing.

From this chronological statement, it is evident that upon the expiration of June 27, no petition for rehearing having been filed, (1) appellant could not then have applied for certiorari, because the 30-day period from the date of our judgment of May 18 had already elapsed, and (2) appellant had lost the right to file a petition for rehearing within the terms of the last extension granted by our order of June 15. This court had power of course, to allow the filing of such a petition out of time, but its filing by leave of court and our subsequent denial of the same did not operate to revive the already expired jurisdiction of the Supreme Court to entertain a petition for certiorari. See Pfister v. Northern Illinois Finance Corporation, 1942, 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146; Mintz v. Lester, 10 Cir., 1938, 95 F.2d 590. United States v. Seminole Nation, supra, presented a different situation, for there a second motion for a new trial was filed by leave of the lower court, and entertained by it, before the period in which to apply for certiorari had lapsed. See Denholm & McKay Co. v. Commissioner of Internal Revenue, 1 Cir., 1942, 132 F. 2d 243, 247. The result would have been otherwise if we had vacated our judgment of May 18, 1945, and restored the case to the docket for reargument, in which event a new judgment would of course have been subsequently entered and the period for applying for certiorari would have begun to run from the date of the entry of such new judgment.

It is to be noted that our order of June 15 extended the time for filing a petition for rehearing to June 27, a date beyond the period of 30 days after the entry of our judgment of affirmance. If such a petition had been filed on June 27, the last day of the extended period, it would have been timely, so far as this court is concerned, but we are not at all sure that it would have been filed in time to save appellant's right to apply for certiorari, because on June 27 the 30-day period from the date of the entry of our judgment had already elapsed. See Conboy v. First National Bank, 1906, 203 U.S. 141, 145, 27 S. Ct. 50, 51 L.Ed. 128. We need express no opinion on this point, since, for the reason already given above, it is clear that it is now too late for appellant to apply for certiorari.

An order will be entered denying appellant's motion for stay of mandate.