## In re DYNAMIC ELECTRONICS-NEW YORK, Inc.

United States District Court,
S. D. New York.
March 3, 1954.

A. Alan Reich, New York City, for debtor.

William A. Hyman, New York City, for Aetna Cas. & Sur. Co.

SUGARMAN, District Judge.

Debtor-in-possession, Dynamic Electronics-New York, Inc.[1] (petitioner) seeks review of an order of Referee Stephenson, dated November 25, 1953 granting in part and denying in part its petition for an order directing Aetna Casualty and Surety Company (Aetna) to turn over the sum of $3490.17.

On October 1, 1948, Aetna insured Dynamic against loss under a Water Damage Policy for a period of three years from that date. When that policy expired on October 1, 1951, Aetna was owed $2852.04 for unpaid earned premiums, the date upon which said amount was determined being undisclosed.

Aetna, on October 1, 1951, issued to Dynamic another Water Damage Policy to expire on October 1, 1954.

Dynamic filed a petition for an arrangement in this court under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., on February 11, 1953 on which date it was appointed and since has been debtor-in-possession. On June 8, 1953, Aetna exercised its right thereunder to cancel the second Water Damage Policy.

Audit of Dynamic's and the petitioner's records showed a refund of unearned premium to be due under the second policy in the amount of $3490.17. This unearned part of the premium had been paid to Aetna by Dynamic prior to February 11, 1953.

Upon Aetna's refusal to pay that sum, petitioner moved for an order requiring Aetna to refund to it the unearned premium.

The learned referee, after a hearing at which the above facts were stipulated, granted the petition to the extent of ordering Aetna to pay over only $683.13, the difference between the refund due on the second policy and Aetna's claim for unpaid premiums on the first policy.

Urging that the allowance of this set-off was erroneous, petitioner brought on the instant petition to review.

Petitioner urges that its claim for refund from Aetna and the debt owed Aetna by Dynamic are not "mutual" within the meaning of Section 68 of the Bankruptcy Act, 11 U.S.C.A. § 108, because petitioner's claim against Aetna did not come into being until June 8, 1953 when Aetna cancelled the second policy, whereas Aetna's right to its earned premium arose on October 1, 1951, when Dynamic's first policy expired, prior to the filing of the petition for an arrangement. The learned referee in a memorandum decision correctly held otherwise, relying upon Siegel v. State, 262 App.Div. 388, 28 N.Y.S.2d 958.

The petitioner was entitled to claim the sum of $3490.11 because Dynamic, prior to adjudication, had overpaid its estimated premium in that amount. No act, payment or service rendered by the petitioner is responsible for the creation of this asset of the estate. The circumstance that Aetna cancelled the coverage after the Chapter XI petition was filed did not give rise to the right to recover the "unearned premium". That right already existed. The cancellation by Aetna simply made operative the policy clause "Cancellation of Policy" (lines 97–107) thereby causing the refund to be-

---

[1]. Dynamic Electronics-New York, Inc., is herein referred to as "Dynamic" as to all events preceding the filing of the Chapter XI petition for an arrangement on February 11, 1953, and as "petitioner" as to all events subsequent thereto.

come payable on cancellation rather than at the expiration of the policy by lapse of time pursuant to Clause 11 of the rider, Form No. M.L. 10, attached to the policy.

By the terms of the second policy, the amount paid by Dynamic at the inception of the risk as a "provisional premium" was nothing more than a deposit to be applied against the true premium, which would be ascertained after an audit on termination of the policy by expiration or otherwise.

The insured's right to a return of the excess of the deposit over the true premium was in existence on February 11, 1953 and had been since October 1, 1951 when the second policy was issued. The time when it could demand the return and the amount of the refund were to be determined and fixed by the audit made when Aetna's exposure to liability was terminated.

The refund was not a true "refund of unearned premium" but rather a return of a deposit made to guarantee payment of the premium fixed on termination of the coverage.

Accordingly, the debt owed by Dynamic to Aetna for unpaid premiums on the first policy and petitioner's claim for refund of its deposit in excess of the true premium on the second were mutual within the meaning of Section 68, sub. a of the Act and Aetna properly set off its claim against the refund due.

The facts at bar are analogous to those in In re Philip Semmer Glass Co., 2 Cir., 135 F. 77, appeal dismissed Conboy v. First Nat. Bank, 203 U.S. 141, 27 S.Ct. 50, 51 L.Ed. 128, which holds "that where, for example, a trustee lays claim to funds of the bankrupt on deposit with a bank, the bank may assert a set-off to the extent of its claim against the bankrupt on the latter's note, even though the bankrupt's obligation is not presently due".[2]

The order of the Referee is affirmed.

---

2. 4 Collier on Bankruptcy, 14th Ed. 745.