**Arthur FOWLER, Jr., Appellant,**

v.

**Raybourn H. SMISER, Sr., Raybourn H. Smiser, Jr., and Robert Emery Smiser, Mutual Benefit Life Insurance Company, Robert M. Barber, Florence G. McCaslin, B. D. Lack, Trustee, LeRoy Milton Rauch, Sr., E. R. Ledbetter, Receiver, LeRoy Milton Rauch, Sr., Bankrupt and Trustee, Appellees.**

**In the Matter of LeRoy Milton RAUCH, Sr., Debtor.**

**No. 6083.**

United States Court of Appeals
Tenth Circuit.

Dec. 23, 1959.

Rehearing Denied Jan. 15, 1960.

James R. McKinney, Oklahoma City, Okl. (McKinney & McKinney, Oklahoma City, Okl., were with him on the brief), for appellant.

Edward E. Soule, Roy C. Lytle, Oklahoma City, Okl., for Raybourn H. Smiser, Sr., Raybourn H. Smiser, Jr., and Robert Emery Smiser; Byron Lamun, Oklahoma City, Okl., for Mut. Benefit Life Ins. Co.; and Richard W. Fowler, Oklahoma City, Okl., for B. D. Lack, trustee (Florence G. McCaslin and Robert M. Barber, on the brief), for appellees.

No appearance for appellees LeRoy Milton Rauch, Sr., E. R. Ledbetter, Receiver, and LeRoy Milton Rauch, Sr., bankrupt and trustee.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this bankruptcy proceeding the controversy relates to the denial of priority to the claim of appellant Fowler over certain mortgages. At the outset we are met with procedural difficulties affecting the right of Fowler to have such issue considered on this appeal.

The bankrupt, Rauch, was engaged in an Oklahoma City real estate development. As a commission for work performed by one Bradburn to obtain J. C. Penney Company as one of the tenants in this development, Rauch agreed in writing to pay to Bradburn "five per cent of all moneys received from the J. C. Penney Company." The agreement was duly recorded with the county clerk before mortgages totaling over $1,000,-000 were recorded. In May, 1953, Rauch filed a petition for a real property arrangement under Chapter XII of the Bankruptcy Act, 11 U.S.C.A. § 801 et seq. Fowler has succeeded to the rights of Bradburn.

The claim of Fowler and the objections of the mortgagees thereto were heard by the referee in July, 1953. On January 26, 1954, the referee entered an order allowing the claim of Fowler but denying it priority over the mortgages. With the permission of the referee an untimely petition for review was filed but review was never had. There is no intimation in the record that the referee ever furnished, or that Fowler ever requested the referee to furnish, to the district court the certificate and other papers required by § 39, sub. a(8) of the Bankruptcy Act [1] for consideration of a petition for review. That order stands as the final determination of the rights of the parties unless Fowler's later efforts to obtain reconsideration have kept alive his right to review.

Section 2(2) of the Bankruptcy Act [2] empowers a bankruptcy court to "reconsider allowed or disallowed claims." Section 57, sub. k of the same act [3] provides that at any time before an

1. 11 U.S.C.A. § 67, sub. a(8).

2. 11 U.S.C.A. § 11(2).

3. 11 U.S.C.A. § 93, suhd. k.

estate has been closed allowed claims "may be reconsidered for cause and reallowed or rejected in whole or in part according to the equities of the case." General Order 21(6), 11 U.S.C.A. following section 53 states that when the trustee, a creditor, the bankrupt, or a debtor desires the reconsideration of a claim allowed against an estate, he may petition the referee for an order for such reconsideration. While In re Jayrose Millinery Co., 2 Cir., 93 F.2d 471, 474–475, holds that the authorized procedures are to protect the estate against claims which have been erroneously allowed and are not available to a creditor whose claim has been denied or limited, we think that these remedial provisions should not be narrowly construed and that Castaner v. Mora, 1 Cir., 234 F.2d 710, 714, rightly held that "a referee in bankruptcy has the power on reconsideration to correct an order adjudicating a claim."

On May 31, 1955, Fowler filed with the referee what is entitled "Motion for Payment of Commission," asserting that the commission agreement had priority over the mortgages. Hearings, the natures of which are not clearly defined in the record, were held on July 15 and August 9, 1955, and on October 23, 1957. No ruling on the motion appears in the record. There was no order for reconsideration as contemplated by General Order 21(6), no grant of a rehearing, and no action indicating an intent by the referee to reconsider or rehear. Hence, these proceedings left the January 26, 1954, order effective and unchanged.

Fowler, on July 18, 1955, filed a petition for review of a prior confirmation of an arrangement proposed by the Chapter XII petitioner and therein again asserted the priority of his claim. This petition was denied on September 15, 1955, and no appeal taken.

Next, we have filed by Fowler, on September 15, 1958, a document entitled "Motion for New Trial or Motion to Vacate Order or Motion to Modify Order,"

in which Fowler renewed his assertion of the priority of his claim. The trial court, on September 30, 1958, on a petition for review presented by other creditors revoked the reference, appointed a receiver, and ordered the property sold. This was followed by more motions from Fowler all going to the priority question. These were denied on October 22, 1958, and were followed by a motion to reconsider, objections to the confirmation of sale of the property, and a written, unverified and unsupported offer of proof. These were all rejected on October 27, 1958, and this appeal was then taken.

The September-October, 1958, motions and applications amounted to no more than an effort to obtain a reconsideration or rehearing of either the referee's January 26, 1954, order denying the priority or the court's September 15, 1955, order denying the petition for review of the referee's action in this regard.

▇▇▇▇ Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 386, 81 L.Ed. 557, lays down the rule that in bankruptcy proceedings a court "in the exercise of a sound discretion, if no intervening rights will be prejudiced by its action" may grant an application for rehearing diligently made with the result that time for review runs from the disposition of the rehearing. Here the applications of September-October, 1958, came over four and a half years after the referee's order denying the priority and three years after the court's denial of Fowler's petition for review. The lack of diligence is unexplained. There were adequate grounds, amply supported by the record, to sustain the discretionary power of the court to reject the various motions, objections and offers. The result was a denial of reconsideration or rehearing. In Conboy v. First National Bank of Jersey City, 203 U.S. 141, 145, 27 S.Ct. 50, 51 L.Ed. 128, a bankruptcy case, it was held that no appeal lies from an order denying a petition for rehearing.[4]

4. See also In re Marachowsky Stores Co., 7 Cir., 188 F.2d 686, 689, certiorari denied 342 U.S. 822, 72 S.Ct. 41, 96 L. Ed. 622. Cf. Kanatser v. Chrysler Corp.,

338

The trial court found that there were no grounds for the reexamination of the original orders. The hearing upon, or examination of the grounds for, allowing a reconsideration or rehearing does not enlarge the time for review of the original orders because of the well-established rule that "where an untimely petition for rehearing is filed which is not entertained or considered on its merits the time to appeal from the original order is not extended." [5]

The appeal is dismissed.

10 Cir., 195 F.2d 104, 105, certiorari denied 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710.

5. Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 150, 63 S.Ct. 133, 138, 87 L.Ed. 146.