(A.R.D. 128)

STANDARD SEWING EQUIPMENT CORP. v. UNITED STATES

Entry No. 25239; 21911.

Second Division, Appellate Term

(Decided March 7, 1961)

*Leo Brady* (*Douglass M. Mann* of counsel) for the appellant.
*William H. Orrick, Jr.*, Assistant Attorney General, for the appellee.

Before LAWRENCE, RAO, and FORD, Judges

RAO, Judge: This is an application for review of "the decision and judgment rendered by the Honorable David J. Wilson, Judge, dated April 27, 1960, in the above-captioned Reappraisements."

The record reveals that the "decision and judgment" to which reference is thus made is an order, dated April 27, 1960, denying appellant's motion, dated April 20, 1960, "for an order setting aside an order of the Court dismissing the above-entitled appeals dated April 14, 1960, restoring said appeals for reappraisement to the calendar of the United States Customs Court for all purposes and granting plaintiff's request that the above-entitled appeals for reappraisement be transferred to New York, New York, for hearing and suspended pending decision in Reappraisement No. R58/23790."

The so-called order of April 14, 1960, is a decision and judgment dismissing the above-enumerated appeals for lack of prosecution. Accordingly, it is apparent that appellant's motion of April 20, 1960, is a motion for rehearing.

No useful purpose can be here served in reviewing the circumstances surrounding the dismissal of these actions, and the denial of the motion for rehearing, since, unfortunately, the purported application for review presents no justiciable question. The rule which governs

is set forth with telling effect in the case of *Waller-Muller Co.* v. *United States*, 21 C.C.P.A. (Customs) 318, T.D. 46833, as follows:

The record discloses that the purported appeal was taken from the court's ruling in denying the application for rehearing and not from the judgment in the case. Not only does the petition for review and the assignments of error show that the purported appeal was taken from the ruling of the court denying rehearing, but appellant's argument here in opposition to the motion to dismiss, we think, completely confirms this view.

The law is well settled that there can be no appeal from an order granting or rejecting an application for a rehearing. *Bondholders and Purchasers of the Iron Railroad* v. *Toledo, D. & B.R. Co.*, 62 Fed. 166; *Conboy* v. *First Nat. Bank of Jersey City*, 203 U.S. 141; *Restifo* v. *Hartig*, 61 F. (2d) 404, 61 App. D.C. 252.

This court is, therefore, constrained to dismiss the instant application for review, *sua sponte*.

Judgment will be entered accordingly.